UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, 3rd Fl.<br>Baltimore, Maryland 21201<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B & H NEW AND USED AUTO PARTS, INC.,<br>1500 West Pulaski Highway<br>Elkton, MD  21921<br><br>　　　　　Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF ACTION

　　　　This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, to correct unlawful employment practices based on sex and retaliation and to make whole Connie Burris, Tessa Joy (formerly known as Tessa Edwards), Laura VanDan and other similarly situated female employees of Defendant.  As discussed in more detail below, the aforementioned female employees were subjected to a sexually hostile work environment by Defendant's General Manager/Owner Jerome Chernock, resulting in the constructive discharges of Burris and Joy.  In addition, VanDan was discharged by Defendant for opposing employment practices made unlawful by Title VII.

1

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1), (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant B & H New and Used Auto Parts, Inc. ("Defendant B & H") has continuously been and is now a Maryland corporation doing business in the State of Maryland and the City of Elkton, and has at least fifteen employees.

5.  At all relevant times, Defendant B & H has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Connie Burris, Tessa Joy (formerly known as Tessa Edwards), and Laura VanDan filed charges with the Commission alleging violations of Title VII by Defendant B & H. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2000, Defendant B & H has engaged in unlawful employment practices at its Elkton, Maryland facility, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sections 2000e-2(1) and 2000e-3(a). The practices include the following:

a. Subjecting Connie Burris, Tessa Joy (formerly known as Tessa Edwards), Laura VanDan and other similarly situated female employees to a sexually hostile and offensive work environment by General Manager/Owner Jerome Chernock.  Incidents of harassment committed by Chernock against female employees include, but are not limited to, (1) making frequent sexually derogatory comments about women, such as calling them "fucking whores" or "fucking cunts;" (2) making frequent unwanted sexual comments, such as "God, you have a nice ass.  I bet [your boyfriend] likes doing that ass;" and telling a female employee she should give one of Defendant's clients "some pussy because it would be good for business;" (3) sexually propositioning female employees repeatedly, such as by asking how much would it cost to "go in the back room and blow [him];" offering to pay a million dollars for sex; and asking "Can I feed your pussy?"; and (4) physically touching, grabbing and assaulting female employees in a sexual manner against their will, such as placing his hand up the inside of a female employee's shorts and then immediately exposing himself while asking if the female employee wanted to "see how big it was;" grabbing a female employee from behind and stating "I am going to do you doggy style;" trying to unsnap a female employee's bra and pull off her clothes; and carrying one female employee into a garage and telling her that she had "to do him."  The sexually hostile work environment culminated in the constructive discharges of Connie Burris, Tessa Joy and the termination of Laura VanDan.

b. Discharging Laura VanDan in retaliation for her opposing Chernock's unwanted sexual advances.

8. The unlawful employment practices complained of in paragraph 7 were intentional.

9. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Connie Burris, Tessa Joy, Laura VanDan, and other similarly situated female employees.

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant B & H, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment and from engaging in retaliation against employees who oppose practices made unlawful by Title VII;

B. Order Defendant B & H to institute and carry out policies, practices, and programs which eradicate sexual harassment and retaliation, which prevent sexual harassment and retaliation from occurring in the future, and which eradicate the effects of past and present sexual harassment and retaliation;

C. Order Defendant B & H to reinstate Laura VanDan to her rightful place position;

D. Order Defendant B & H to make whole Connie Burris, Tessa Joy, and Laura VanDan by providing appropriate back pay with prejudgment interest and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant B & H to make whole Connie Burris, Tessa Joy, Laura VanDan, and other similarly situated female employees by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation;

F. Order Defendant B & H to pay to Connie Burris, Tessa Joy, Laura VanDan, and other similarly situated female employees punitive damages for its callous indifference to their federally protected right to be free from sexual harassment and retaliation in the workplace;

G. Grant such further relief as the Court deems proper; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

    Respectfully submitted,

    RONALD S. COOOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel


    _____/s/_____
    JACQUELINE MCNAIR
    Regional Attorney

    _____/s/_____
    DEBRA M. LAWRENCE
    Supervisory Trial Attorney

    _____/s/_____
    MARIA SALACUSE
    Senior Trial Attorney
    Federal Bar No. 15562

    _____/s/_____
    MARIA LUISA MOROCCO
    Senior Trial Attorney
    Federal Bar No. 24357

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

BALTIMORE FIELD OFFICE
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2730 (phone)
(410) 962-4270 (fax)